CLD-237                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1475
_____

DAVID RUFFIN,
                                        Appellant

v.

SUPERINTENDENT RETREAT SCI; JACK AVERSA;
SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
STACY MILLER; MICHAEL KLOPOTISKI; DR. EUGENE LUCAS;
JEDDIC; O'BRIAN; THERESA SHIBILSKI; GOVERNOR OF PENNSYLVANIA;
KURT T. LYNOTT; JOSEPH PAUL KALINOWSKI; VITO P. GEROULO
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-16-cv-01987)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 18, 2017

Before: SHWARTZ, NYGAARD and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed : May 24, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

David Ruffin appeals from the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  We will summarily affirm.

In September 2016, Ruffin, an inmate at SCI-Retreat, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Pennsylvania.  Ruffin alleged that his maximum sentence date was June 14, 2016, and that because he was charged with institutional misconducts, he is "stuck in the RHU on disciplinary custody until June of 2018."  He claims that he has not "had an opportunity to be heard by Parole, and no reason given for Parole rejection."  He further claims that on June 6, 2016, he was transferred to SCI-Retreat from SCI-Dallas as a D-Stability prisoner because he "suffers from a mental impairment consisting of emotional illness."  However, at SCI-Dallas, he was "denied participation in D-Stability services for cussing at PA O'Brien."   Ruffin's requested relief is "to be seen and heard by [the] Parole Board in a parole hearing" to determine whether "or not [he is] housed in the RHU undergoing DC time or to be released from the DOC for early release," and "to be re-examined for D-Stability programming or to be placed in D-Stability programming."

By order entered on January 31, 2017, and pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the District Court dismissed Ruffin's complaint as "legally frivolous" because he failed to state a viable § 1983 claim.  Ruffin appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because Ruffin has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  We exercise plenary review of

the District Court's order dismissing Ruffin's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

We agree with the District Court that Ruffin's § 1983 complaint is not the proper vehicle for his request for a parole hearing or release from confinement. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). To the extent that Ruffin is seeking habeas relief pursuant to 28 U.S.C. § 2254, he must pursue relief through a petition for habeas corpus.

To the extent that Ruffin is raising a due process claim by requesting to "be placed in D-Stability programming," it is well-established that prisoners have no constitutional right to placement in any particular prison, custody classification, or housing assignment. See Olim w. Wakinekona, 461 U.S. 238, 245 (1983); Sheehan v. Beyer, 51 F.3d 1170, 1174 (3d Cir. 1995).

Because the appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. Ruffin's motion for appointment of counsel is denied.